UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

VERNON L. WATTS,

        Defendant.

NO. CR. S-93-086 WBS

ORDER RE: MOTION FOR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT

----oo0oo----

        Defendant Vernon L. Watts' has moved for modification of an imposed term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2).

I.   Factual and Procedural Background

        On February 11, 1993, an indictment was filed charging defendant with possession with intent to distribute approximately 560 grams of cocaine base on January 26, 1993, in violation of 21 U.S.C. § 841(a)(1). On December 7, 1993, defendant was found guilty of the charge, and on May 11, 1994 he was sentenced to 262 months' imprisonment, pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq.; 28 U.S.C. §§ 997-998. On appeal,

1

the Ninth Circuit affirmed defendant's conviction, but vacated the sentence and ordered the case remanded to this court for resentencing. United States v. Watts, 67 F.3d 790, 796 (9th Cir. 1995). Before this court could resentence defendant pursuant to the Ninth Circuit's order, the Supreme Court reversed the decision of the Ninth Circuit. United States v. Watts, 519 U.S. 148, 149 (1997)).

On January 27, 1998, defendant filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. On December 7, 1998, this court denied that motion; and on April 23, 1999, this court denied a certificate of appealability. On June 26, 2001, defendant filed another motion under 28 U.S.C. § 2255; and on November 9, 2001, the Ninth Circuit denied defendant's request to file a successive petition under § 2255. After defendant voluntarily dismissed his pending section 2255 petition on January 8, 2002, the instant motion ensued on February 17, 2006.

II. Discussion

The cocaine base seized from defendant initially weighed 559 grams. However, a few weeks later, the cocaine base weighed 550 grams, and at the time of trial, it weighed approximately 440 grams. The government had previously presented expert testimony establishing that it is common for cocaine to lose moisture over time, which in turn causes a decrease in weight. Defendant did not present any evidence to the contrary. Watts, 67 F.3d at 796. Additionally, the defendant's statements indicated that he had planned to sell the cocaine base in the week that followed his arrest. Based on a finding that defendant

2

1 was in possession of more than 500 grams of cocaine base with the
2 intent to sell, this court ordered a sentence of 262 months with
3 60 months of supervised release.  <u>Watts</u>, 67 F.3d at 796.
4         In this motion, defendant seeks modification of his
5 term of imprisonment under Amendments 484 and 591 of the United
6 States Sentencing Guidelines ("U.S.S.G."), contending that the
7 weight of cocaine base he was charged with possessing improperly
8 included the weight of water that had been added to the drug, as
9 evidenced by the decrease in weight over time.  Defendant
10 additionally argues that the amount of the controlled substance
11 should have been determined by a jury, and not by the judge.
12         Because "a district court does not have inherent power
13 to resentence defendants at any time," the court must first
14 consider whether it has jurisdiction over this matter.  <u>See</u>
15 <u>United States v. Hock</u>, 172 F.3d 676, 680 (9th Cir. 1999)
16 (quotation omitted).  Defendant contends that this court has
17 authority to modify his sentence under 18 U.S.C. § 3582(c)(2).
18 Section 3582(c)(2) provides that:
19          The court may not modify a term of imprisonment
              once it has been imposed except that . . . in
20            the case of a defendant who has been sentenced
              to a term of imprisonment based on a sentencing
21            range that has subsequently been lowered by the
              Sentencing Commission pursuant to 28 U.S.C. 994(o),
22            . . . the court may reduce the term of
              imprisonment, after considering the factors set
23            forth in section 3553(a) to the extent that they
              are applicable, if such a reduction is consistent
24            with applicable policy statements issued by the
              Sentencing Commission.
25
26 In particular, defendant moves for modification of his sentence
27 based on Amendments 484 and 591 to U.S.S.G. § 2D1.1.
28         "Amendment 484 clarifies the definitions of 'mixture'

3

and 'substance' as they are used in the Guidelines by providing that for the purposes of calculations of base offense levels, they do not include those 'materials that must be separated from the controlled substance before the controlled substance can be used.'" United States v. Sprague, 135 F.3d 1301, 1305 (9th Cir. 1998). Thus, the weight of any unusable materials should not be used to determine the appropriate sentence; for example, the weight of containers or packing materials should be disregarded. Id. However, "the weight of a consumable cutting or diluting agent used to increase the total amount of a marketable controlled substance would not be excluded as it need not be separated to render the drug useable." Id.

Amendment 484 became effective on November 1, 1993. Id. at 1303. Defendant was sentenced on December 7, 1993. Therefore, Amendment 484 is not a modification to the guidelines that occurred subsequent to defendant's sentence, and this court does not have authority to grant defendant relief under 18 U.S.C. § 3582(c)(2). See United States v. Nash, No. 92-5167, 2005 WL 2016919, at *2 (E.D. Cal. Mar. 31, 2005) (concluding that the petitioner was "not entitled to a reduction of his sentence pursuant to Amendment 484" because "Amendment 484 was adopted and in effect at the time petitioner was sentenced, [and therefore] Section 3582(c)(2) by its terms does not apply."). Although defendant argues that the Ninth Circuit did not clarify the application of Amendment 484 until the Sprague decision in 1998, what is significant here is that he "requests relief not afforded by the statute invoked." United States v. Herrera-Garcia, 422 F.3d 1202, 1203 (10th Cir. 2005).

Although defendant argues that Amendment 591 should be applied to modify his sentence, the government correctly points out that Amendment 591 to the Sentencing Guidelines is applicable to enhanced penalties under § 2D1.2 for drug sales near protected locations or involving vulnerable individuals, such as children or pregnant women. See Nash, 2005 WL 2016919, at *4. Defendant was convicted of possession with intent to sale, and not with the sale of drugs near protected locations or involving protected individuals; accordingly, this enhancement was not relevant to the calculation of defendant's sentence and was not considered by the court. Thus, Amendment 591 does not confer upon the court the ability to modify defendant's sentence.

Defendant additionally argues that the jury should have determined the amount of cocaine base. The United States Supreme Court recently held in United States v. Booker, 543 U.S. 220, 244 (2005) that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." However, the court also lacks jurisdiction to re-sentence defendant under Booker. Not every defendant whose sentence and appeal became final before Booker is entitled to the benefits of its holding.[1] Because it "is a Supreme Court decision, [and] not a retroactively applicable guideline amendment by the Sentencing Commission[,] . . . Booker is

---

[1] Here, defendant's conviction and appeal also became final before Booker's precursor, Apprendi v. New Jersey, 530 U.S. 466 (2000).

5

1  inapplicable to § 3582(c)(2) motions." <u>United States v. Moreno</u>,
2  421 F.3d 1217, 1220 (11th Cir. 2005).
3       IT IS THEREFORE ORDERED that defendant's motion to
4  correct his original sentence be, and the same hereby is, DENIED.
5  DATED:  October 24, 2006

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE